UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ANDERSON,

           Plaintiff,

v.                              Case No. 8:09-cv-2610-T-17AEP

STATE OF FLORIDA DEPT. OF CORRECTIONS,
HARDEE CORRECTIONAL INSTITUTION,
WARDEN JOHN TATE,
CORRECTIONAL OFFICER T. DEEMEN,
B. HUGH BRADLEY, Clerk of Court,

           Defendants.

_____

**O R D E R**

      The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff has failed to name as Defendants any party responsible for his alleged medical problem. Plaintiff seeks money damages.

<u>Eleventh Amendment Immunity</u>

      The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir.1999), cert. denied, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). In Zatler v. Wainwright, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir.1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing Gamble v. Fla. Dept. of Health and Rehab. Servs., 779 F.2d 1509, 1513-20 (11th Cir.1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)).

"It is clear. . .that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. "[E]ven in the case of pro se litigants ... leniency does not give a court license to serve as de facto counsel for a party,.. or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998). See also, Pontier v. City of Clearwater, Fla., 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). Neither amendment nor discovery will cure the deficiency in Plaintiff Anderson's complaint. The Court cannot proceed with a cause of action under § 1983 against these Defendants when they are immune from liability. Jeffrey v. State of Florida, 2005 WL 11266666 (M.D. Fla., May 6, 2005).

Finally, the law is well settled that, absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651 (1974); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 145-46 (1993); Seminole Tribe of Florida v. Florida, 517 U.S. at 58; Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990).

Therefore, Plaintiff's claims against Defendants State of Florida Department of Corrections, Hardee Correctional Institution, and Warden Jon Tate must be dismissed.

<u>Claims Against Officer Deemen</u>

Plaintiff's only allegation related to Correctional Officer Deemen is that the officer helped Plaintiff to his feet after Plaintiff's left crutch "gave way" in an open manhole cover. In addition, Plaintiff states that Officer Deemen assisted him by calling someone to take Plaintiff to the medical infirmary. Plaintiff has not demonstrated that the officer violated any of Plaintiff's constitutional rights. Therefore, Plaintiff's claims against Correctional Officer Deemen must be dismissed.

<u>Claims Against Clerk of Court B. Hugh Bradley</u>

Plaintiff does not allege that the Clerk of the Court violated any constitutional right. In fact, a review of the complaint demonstrates that Plaintiff makes no allegations against the Clerk of the Court. Therefore, Plaintiff's claims against Clerk of Court B. Hugh Bradley must be dismissed.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on December 30, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

David Anderson